UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| OLGA ELIZABETH URIARTE CENTENO,<br><br>               Petitioner,<br><br>     v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>               Respondents. | Case No. 5:26-cv-01473-CV-ACCV<br><br>**ORDER DISMISSING PETITION** |

## **<u>BACKGROUND</u>**

On March 26, 2026, Petitioner Alexander Jesus Vidaurreta Nieves ("Nieves") filed a Petition in this matter. (Dkt. No. 1.) On the same day, Petitioner Olga Elizabeth Uriarte Centeno ("Centeno") filed an Ex Parte Application for Temporary Restraining Order. (Dkt. No. 5)

On March 27, 2026, the District Judge ordered that Petitioner file an amended Petition and/or Application no later than April 3, 2026, clarifying who the Petitioner is, and verifying that the facts in the Petition actually apply to that Petitioner, with the correct A number included in the Petition. (Dkt. No. 7.)  On April 6, 2026, the Court

1

noted that Petitioner failed to file an amended Petition or Application, and has not otherwise responded to the Court's March 27, 2026 order and denied Petitioner Centeno's temporary restraining order. (Dkt. No. 8.) On April 13, 2026, the Court ordered Petitioner to file an amended Petition as previously ordered by April 20, 2026. (Dkt. No. 9.)  The Court notified Petitioner that failure to file an amended Petition by April 20, 2026, may result in the dismissal of this matter. (*Id.*)

As of the date of this Order, Petitioner has failed to file an amended Petition and has failed to contact the Court regarding the failure to file an amended Petition.

## DISCUSSION

District courts have *sua sponte* authority to dismiss actions for failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-33, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1962); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) ("District courts have the inherent power to control their dockets and, in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case.") (internal quotations and alterations omitted).

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260-61.

In the instant action, the first two factors—public interest in expeditious resolution of litigation and the court's need to manage its docket—weigh in favor of dismissing the Petition. In this instant matter, Petitioner Nieves and Petitioner Centeno filed their separate habeas petitions through the same counsel on March 26, 2026. (Dkt. Nos. 1, 2.) Petitioner has failed to file an amended Petition twice per the Court's Orders: First, Petitioner has not filed an amended Petition and/or Application for

2

temporary restraining per the Court's March 27, 2026 Order which resulted in the Court denying Petitioner's application for a temporary restraining order. Second, Petitioner has not filed an amended Petition per the Court's April 6, 2026 Order. Petitioner also has not requested an additional extension of time to do so. This failure to prosecute and follow court orders hinders the Court's ability to move this case toward disposition and suggests Petitioner does not intend or is not able to litigate this action diligently.

The third factor—prejudice to defendant—also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendant arises when plaintiffs unreasonably delay prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests such a presumption is unwarranted in this case.

The fourth factor—public policy in favor of deciding cases on the merits— ordinarily weighs against dismissal. However, it is Petitioner's responsibility to move towards disposition at a reasonable pace and avoid dilatory and evasive tactics. *See Morris v. Morgan Stanley*, 942 F.2d 648, 652 (9th Cir. 1991). Petitioner has not discharged this responsibility despite having been: (1) instructed on Petitioner's responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so. (*See* Dkt. Nos. 7, 9.) Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to obey court orders within the time granted.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissing the Petition. The Court cannot move the case toward disposition without Petitioner's compliance with court orders or participation in this litigation. Petitioner has shown either an unwillingness or inability to comply with court orders by failing to file an amended Application or Petition or otherwise cooperate in prosecuting this action.

Finally, while dismissal should not be entered unless petitioner has been notified dismissal is imminent, *see W. Coast Theater Corp. v. City of Portland*, 897

F.2d 1519, 1523 (9th Cir. 1990), the Court has warned Petitioner about the possibility of dismissing the Petition. (*See* Dkt. No. 7, 9.)

Accordingly, because Petitioner has failed to comply with Court orders, the Court **DISMISSES** the Petition, without prejudice.

**ORDER**

Based on the foregoing, **IT IS ORDERED** that the Petition is **DISMISSED** without prejudice.

DATED:  April 27, 2026

*Cynthia Valenzuela*

HON. CYNTHIA VALENZUELA
United States District Judge

Presented by:

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge